LEE BANKS AND WIFE, MAMIE BANKS; TOM HYLEMAN, LONNIE ALLEN, BEN RIDDLE, R. H. HUGHES, W. K. BANKS, JACK PATTON, AND OTHERS INTERESTED IN THE PROSECUTION OF THIS ACTION, v. THE TOWN OF BURNSVILLE.

(Filed 3 March, 1948.)

**1. Municipal Corporations § 15b: Injunctions § 4d—**

G. S., 130-117, giving a court of equity power to enjoin any person, firm, corporation or municipality from emptying untreated sewage into a stream upon suit by any person, applies only when a public drinking-water supply is taken from the stream, in which instance proof of any injurious effect upon plaintiffs' water supply is not required.

**2. Same—**

In a suit by private individuals to restrain a municipality from emptying untreated sewage into a stream, from which a public drinking-water supply is not taken, a complaint which fails to allege that plaintiffs own land along or adjacent to the stream and that the acts complained of constitute a nuisance resulting in continuing, irreparable damages, is demurrable.

APPEAL by defendant from Sink, J., at October Term, 1947, of YANCEY.

Civil action to restrain the Town of Burnsville from emptying sewage into Pine Swamp Branch.

By consent of counsel this cause was heard by his Honor upon affidavits and without the services of a jury.

The defendant demurred ore tenus on the ground that the complaint does not state facts sufficient to constitute a cause of action in that (1) the plaintiffs allege no ownership of property abutting upon or contiguous to Pine Swamp Branch; (2) the plaintiffs allege no damages, irreparable or otherwise; and (3) the plaintiffs fail to allege they have no adequate remedy at law.

The trial judge overruled the demurrer, found as a fact that the Town of Burnsville is and has been for a number of years, disposing of raw sewage in Pine Swamp Branch referred to in the complaint, and entered judgment for the plaintiffs, restraining the defendant from emptying untreated sewage in Pine Swamp Branch on and after 1 November, 1950. The judgment provides, however, that unless the defendant shows to the satisfaction of the court by 1 November, 1949, that it has set about "making provision for the necessary repairs, remedies and facilities for such treatment of the sewage," the effective date of the injunction may be accelerated.

Defendant appeals, assigning error.

*Charles Hutchins for plaintiffs.*
*E. L. Briggs and J. Frank Huskins for defendant.*

DENNY, J.   The plaintiffs allege they are citizens and residents of
Burnsville Township, Yancey County, North Carolina.   However, they
do not allege that they own land abutting upon or contiguous to Pine
Swamp Branch.   Moreover, they do not allege that by reason of the
emptying of untreated sewage into Pine Swamp Branch by the defend-
ant, they are suffering some peculiar or special injury to their personal
and property rights not suffered by the public generally.   Instead of
alleging special damages to their respective properties as a result of the
conduct of the Town of Burnsville in emptying untreated sewage in Pine
Swamp Branch, they allege "that from a practical viewpoint the health
of the citizens of Burnsville is continually endangered on account of the
unlawful practice of said defendant, the Town of Burnsville, in dumping
such refuse into said slowly running stream."

It seems the plaintiffs instituted and tried this action below upon the
theory that the equitable relief sought by them may be obtained by
alleging and proving that the defendant, Town of Burnsville, is and has
been disposing of untreated sewage in Pine Swamp Branch.   The ap-
pellees cite *Board of Health v. Commissioners,* 173 N. C., 250, 91 S. E.,
1019, in support of their contention that the defendant has not and
cannot acquire an easement against the public by prescription.   They
further take the position in their brief that it is not necessary for them
to show any actual damages.

The above case was bottomed upon a statute which prohibited any
person, firm, corporation or municipality from discharging untreated
sewage into any drain, brook, creek or river from which a public drink-
ing-water supply is taken.   A violation of this statute, G. S., 130-117, is
sufficient to invoke the equitable powers of the court and an injunction
may be issued against a defendant for emptying sewage into such a
stream without proof of any injurious effect upon plaintiff's water sup-
ply.   *Durham v. Eno Cotton Mills,* 144 N. C., 705, 57 S. E., 465; *Shelby
v. Power Co.,* 155 N. C., 196, 71 S. E., 218.   Likewise, an action to
enjoin any person, firm, corporation or municipality from emptying
untreated sewage into a stream in violation of the above statute, may be
brought by any person.   However, in such case it is not mandatory that
an injunction be issued.   *Brogden, J.,* in speaking for the Court in
*Smithfield v. Raleigh,* 207 N. C., 597, 178 S. E., 114, said: "The statute
recognizes such practical exigencies of social life, and declares that 'the
continued flow and discharge of such sewage may be enjoined upon appli-
cation of any person.'   The words 'may be enjoined' clearly demonstrate

that surrounding facts and circumstances must be considered in entering a peremptory order of the kind sought in this action."

In the instant case it is not contended that a public drinking-water supply is taken from Pine Swamp Branch. Therefore, the above statute nor the cases bottomed thereon are controlling on this appeal.

Ordinarily, private individuals who seek to restrain a municipality from emptying sewage in a stream from which a public drinking-water supply is not taken, must allege, in order to survive a demurrer, that they own land along or adjacent to said stream and that the acts complained of are such as to constitute a nuisance and as a result thereof the plaintiffs have and will continue to suffer irreparable damages unless granted the relief sought. *Vickers v. Durham,* 132 N. C., 880, 44 S. E., 685; *Pedrick v. R. R.,* 143 N. C., 485, 55 S. E., 877; *Cherry v. Williams,* 147 N. C., 452, 61 S. E., 267; *Metz v. Asheville,* 150 N. C., 748, 64 S. E., 881; *McManus v. R. R.,* 150 N. C., 656, 64 S. E., 766; *Little v. Lenoir,* 151 N. C., 415, 66 S. E., 337; 46 C. J., Section 376, p. 768. While the plaintiffs are not seeking damages but equitable relief only, even so, they are not entitled to the relief they seek unless the defendant is maintaining a nuisance by emptying untreated sewage into Pine Swamp Branch and they have suffered special damages as a result thereof. *McManus v. R. R., supra; Anderson v. Waynesville,* 203 N. C., 37, 164 S. E., 583; *Gray v. High Point,* 203 N. C., 756, 166 S. E., 911.

The demurrer *ore tenus* should have been sustained, and the defendant's exception to the failure of the court to so rule will be upheld. Therefore, the judgment of the court below is

Reversed.